DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IN RE THE COMPLAINT AND PETITION OF   )
CBI ACQUISITIONS, LLC, as Owner; and  )
CANEEL BAY, INC., as                  )   Civil No. 2012-43
Charterer/Operator of the M/V Lady    )
Caneel, II, Official No. 908127       )
                                      )

ATTORNEYS:

**Andrew C. Simpson, Esq.**
Law Offices of Andrew C. Simpson
St. Croix, VI
    *For the petitioners CBI Acquisitions, LLC, and Caneel Bay, Inc*

**Daryl C. Barnes, Esq.**
**Sunshine Benoit, Esq.**
Bryant, Barnes and Blair, LLC
St. Croix, VI
    *For the claimant Russell Kerr*

**Michael Fitzsimmons, Esq.**
Duensing, Casner, Dollison & Fitzimmons
St. Thomas, VI
    *For the claimant Travis Bartlette*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the claimant Russell Kerr to lift the automatic stay imposed by the operation of Title 46, Section 30511 of the United States Code.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The *M/V Lady Caneel II* is a passenger vessel owned and operated by the petitioner, CBI Acquisitions, LLC ("CBI"). On January 6, 2012, while operating in the waters of the United

States Virgin Islands, the *M/V Lady Caneel II* collided with another vessel, a dinghy operated by the claimant Russell Kerr ("Kerr"). Kerr sustained personal injuries as a result. At the time of the collision, the *M/V Lady Caneel II* was captained by Travis Bartlette ("Bartlette").

Thereafter, on June 13, 2012, CBI initiated this action for limitation of liability. By initiating this action, CBI seeks a declaration that its liability for the January 6, 2012, collision is limited to the value of the *M/V Lady Caneel II*. CBI maintains that the total value of the *M/V Lady Caneel II* and its pending freight at the time of the accident was $450,000.

A district court ordinarily has exclusive jurisdiction over limitation-of-liability actions. Thus, all other claims arising out of the relevant transaction or occurrence before other tribunals must be stayed. 46 U.S.C. § 30511.

Kerr has filed a notice of a claim against CBI, in which he seeks damages for his injuries. Bartlette has also filed a claim, seeking contribution or indemnity against CBI to the extent he may be liable to Kerr.

Kerr now moves to lift the automatic stay so that he may prosecute his claim before the Superior Court of the Virgin Islands. CBI and Bartlette oppose the motion.

## II.  DISCUSSION

When a tort occurs on the high seas or the navigable waters, it falls within the district courts' admiralty jurisdiction. 28 U.S.C. § 1331(1); *see also Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 497 (1972) ("If the wrong occurred on navigable waters, the action is within admiralty jurisdiction"); *The Plymouth*, 70 U.S. (3 Wall.) 20, 36 (1866) ("Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance").

One of the unique features of admiralty law is the right of shipowners to seek limitation of their liability arising from an accident which occurred on the high seas or navigable waters-- even before any claim arising from the accident is made. This cause of action was created by The Limitation of Shipowners' Liability Act (the "Limitation Act"), codified at Title 46, Section 30501, et seq., of the United States Code. "The Limitation act provides that when a maritime accident occurs without the privity or knowledge of the [ship]owner, the shipowner's liability shall not exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." *Compl. of Consol. Coal Co.*, 123 F.3d 126, 131–32 (3d Cir. 1997) (internal quotation marks and citations omitted). As noted above, "[a] shipowner facing potential liability can file

a complaint for limitation of liability in a federal district court which then is authorized to stay all other proceedings against the shipowner and receive all claims." *Consol. Coal*, 123 F.3d at 132 (citing Fed. R. Civ. P. Supp. Rule F(4)). "Once the proper procedures are undertaken by the shipowner, such as filing a petition and tendering an adequate bond, the district court must enjoin all other proceedings against the shipowner arising out of the same incident." *Compl. of Dredging Equip., Inc.*, 851 F. Supp. 172, 175 (E.D. Pa. 1994) (citing Fed. R. Civ. P., Supp. Rule F(3); *Dammers & Vanderheide*, 836 F.2d at 754-55 (2d Cir. 1988); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982)). Thereafter, the district court notifies all potential claimants against the shipowner that their claims, if any, must be brought in admiralty court. *Dammers & Vanderheide*, 836 F.2d at 755; *see also* Fed R. Civ. P. Supp. R. F(4).

Once all claims are filed, a limitation-of-liability action proceeds in three parts, in a process called *concursus*. First, "[t]he district court, sitting in admiralty without a jury, . . . determines ' "whether there was negligence [on the part of the shipowner]." ' " *Consol. Coal*, 123 F.3d at 132 (quoting *In re Compl. of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988) (quoting *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir.

1979))). Second, if the court finds there was negligence, it must determine whether the negligence occurred "without the privity and knowledge of the owner." *Consol. Coal*, 123 F.3d at 132. Third, " 'if limitation is granted, [the district court must decide] how the [limitation] fund should be distributed.' " *Dammers & Vanderheide*, 836 F.2d at 755 . (quoting *Universal Towing* 595 F.2d at 417). "The *concursus* is necessary because the court is usually faced with an inadequate fund to satisfy all of the claims against the shipowner. Thus, the court achieves the purpose of the [Limitation] Act through the *concursus* by marshaling the assets and distributing them pro rata." *Dredging Equip.*, 851 F. Supp. at 175 (citing *Dammers & Vanderheide*, 836 F.2d at 755).

The individual claiming injury--referred to as the "claimant,"--"has the initial burden of showing negligence or unseaworthiness, and then, if the claimant is successful, the burden shifts to the shipowner to demonstrate a lack of privity and knowledge in order to obtain the benefit of limitation of liability." *Consol. Coal*, 123 F.3d at 132 (citing *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 948 n.14 (3d Cir. 1985)).

### III. ANALYSIS

Kerr now seeks to pursue his claim in the Superior Court of the Virgin Islands (the "Superior Court"), and accordingly asks

this Court to lift the stay imposed on all related actions by the operation of Title 46, Section 30511 ("Section 30511").

As noted above, in limitation-of-liability actions, the district court, and not a jury, acts as the factfinder. 46 U.S.C. § 30511; *see also Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993). However, the "saving to suitors" clause of Title 28, Section 1333, "preserves common law rights in maritime cases, including the right to a jury trial." *Consol. Coal.*, 123 F.3d at 132. These two statutes are thus somewhat at odds in that "[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums." *Dammers*, 836 F.2d at 755; *see also Consol. Coal*, 123 F.3d at 132 (noting that the conflict "derives from the Seventh Amendment, as the Amendment applies only to cases brought at common law, not to those brought in admiralty.") (citing *Waring v. Clarke*, 46 U.S. (5 How.) 441, 458-60 (1847)); 46 U.S.C. § 30511(c) (providing that "[w]hen an action has been brought under this section and the owner has [created a liability fund], all claims and proceedings against the owner related to the matter in question shall cease").

"In reconciling the 'recurring and inherent conflict between these two statutory mandates, courts have created two exceptions to the admiralty court's exclusive jurisdiction over

limitation [of liability] proceedings." *Gorman*, 2 F.3d at 524 (3d Cir. 1993).

The first exception, referred to as the "multiple claimant exception," occurs "when the value of the vessel and its freight exceeds all claims, that is, the fund is adequate to cover all claims filed against the owner." *Consol. Coal*, 123 F.3d at 132 (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957); *Gorman*, 2 F.3d at 524). This exception is not applicable in this case because Kerr seeks damages in excess of $450,000, the asserted value of the *M/V Lady Caneel II*.

The second exception, referred to as the "sole claimant exception," "arises when there is only one claimant whose claim exceeds the value of the vessel and its freight." *Consol. Coal*, 123 F.3d at 132. However, a single claim which exceeds the value of the vessel is not, by itself, sufficient to lift the automatic stay. *Ex parte Green*, U.S. 437, 438-40 (1932); *Langnes v. Green*, 282 U.S. 531, 540-44 (1931); *Gorman*, 2 F.3d at 524. The district court may only lift the stay, and allow the claimant to bring a civil action in state court, if the claimant also makes two additional stipulations. First, the claimant must "waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court . . . ." *Gorman*, 2 F.3d at 524. Second, the claimant must "concede the shipowner's right to litigate all issues relating

to limitation [of liability] in the federal limitation [of liability] proceeding." *Id.* In other words, the claimant must stipulate "that the admiralty court has exclusive jurisdiction to determine all issues concerning the [ship]owner's limitation of liability under the [Limitation] Act." *Id.* If either the multiple-claimant or sole-claimant exception applies, "the court must dissolve the injunction unless the shipowner demonstrates his right to limit liability is prejudiced." *Dredging Equip.*, 851 F. Supp. at 175 (citing *Gorman*, 2 F.3d at 523; *Universal Towing*, 595 F.2d at 420 (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152-53 (1957)).

Kerr asserts that the sole-claimant exception applies. To that end, Kerr

> stipulate[s] and agree[s] that (1) he waives any claim of res judicata relevant to the issue of limited liability based upon any judgment obtained in the Superior Court of the Virgin Islands and (2) the admiralty court or the District Court of the Virgin Islands[1] . . . has exclusive jurisdiction over all matters pertaining to the applicability of the Limited Liability Act . . . .

(Kerr's Mot. to Lift Stay at 4.)

---

[1] The Court presumes that by "admiralty court" Kerr refers simply to the District Court sitting in admiralty. There are no separately constituted admiralty courts. Instead, as noted above, jurisdiction over admiralty and maritime matters is exclusively vested in the United States District Courts. *See* 28 U.S.C. § 1333 ("[T]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .")

Assuming these stipulations to be sufficient, CBI and Bartlette contend that the sole claimant exception does not apply because Kerr is not the sole claimant. Indeed, CBI and Bartlette note that Bartlette is himself an additional claimant, and he has in fact filed a claim against CBI in this action.

Courts have held that the stipulations ordinarily required to trigger the sole-claimant exception "provide insufficient protection to a shipowner . . . where there are multiple claimants to a fund that is inadequate to satisfy all claims. In such cases, courts have . . . reason[ed] that the claimants have an interest in maximizing their own claims and in minimizing the claims of others." *Gorman*, 2 F.3d at 525; *see also Consol. Coal*, 123 F.3d at 132; *see also Magnolia Marine Trans. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576–77 (5th Cir. 1992) ("When the shipowner is beset by multiple claimants, admiralty courts also are concerned that there be one federal forum for the resolution of all *competing* claims") (emphasis original); *see also Compl. of Midland Enters., Inc.*, 886 F.2d 812, 815 (6th Cir. 1989) (noting that even a single injury can result in multiple claims, which should be resolved before single tribunal). Indeed, the very purpose of *concursus* is to "prevent[] claimants from securing judgments in various courts that, in the aggregate, exceed the fund and, thus, assures the owner that he will not be required to pay damages in excess of

the statutory limits." *Gorman*, 2 F.3d at 525 (citing *Universal Towing*, 595 F.2d at 418).

However, courts have permitted multiple-claimant cases to proceed with state-court claims, if all claimaints make certain additional stipulations. Specifically, "[m]ultiple claimants may reduce their claims to the equivalent of a single claim by agreeing and stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the [limitation] fund." *Magnolia Marine*, 964 F.2d at 1577 (citing *S&E Shipping Corp. v. Chesapeake & O.R. Co.*, 678 F.2d 636, 644 (6th Cir. 1982)). Under such stipulations, "the state court proceeding could have no possible effect on the [shipowner's] claim for limited liability in the admiralty court" and therefore "the provisions of the [Limitation] Act . . . do not control." *Lake Tankers*, 354 U.S. at 152-53.

Kerr has not presented the Court with any such stipulation, however. Moreover, Bartlette disavows entering into any agreement with Kerr relating to the priority of their respective claims. (Bartlette's Sur-Reply to Kerr's Reply to Opp. to Mot. to Lift Stay, at 4.)

Instead, Kerr argues that Bartlette cannot be considered to be another claimant because Batlette's claims fail as a matter of law.

The Court is given some pause by Kerr's apparent request--made for the first time in his reply to CBI's opposition to the instant motion (see Reply to Opp. to Mot. to Lift Stay at 1)--for a determination of the legal sufficiency of Bartlette's pleadings at this very early stage in the litigation. This Court is unaware of, and Kerr has not identified any, authority for the proposition that it may even consider questions of sufficiency when making a determination about whether there are one or more claims in a limitation action.

Moreover, the Court cannot say at this time that Bartlette's claims are insufficient. Bartlette asserts claims for indemnity and contribution from CBI, to the extent he is liable to Kerr. Kerr maintains that these claims must fail because Bartlette has not discharged his liability to Kerr.

A claim that sounds in admiralty is governed by federal admiralty law. *Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 132 (3d Cir. 2002) (citing *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 410-11 (1953)). Federal courts have long recognized the torts of contribution and indemnity in the admiralty context. *See, e.g.*, *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 110 (1974); *In re J.A.R. Barge Lines L.P.*, 373 F. App'x 265, 267 (3d Cir. 2010); *Black v. Red Star Towing & Transp. Co., Inc.*, 860 F.2d 30, 34 (2d Cir. 1988); *Savoie v. LaFourche Boat Rentals, Inc.*, 627 F.2d 722, 722 (5th

Cir. 1980); *see also* Fed. R. Civ. P. 14(c)(1) (providing for the bringing of claims for "remedy over [or] contribution" against third-parties).

Ordinarily, to prevail on a claim for contribution or indemnity, the claimant must show that it has "discharge[d] [its] liability [to the alleged injured party] . . . by settlement or discharge of judgment, . . . ." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT LIAB. §§ 22, 23. Significantly, however, "[a]n indemnitee may . . . assert a *claim* for indemnity and obtain a contingent judgment . . . even though liability of the indemnitor has not yet been discharged." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22, cmt. b. Similarly, "a person seeking contribution may assert a *claim* for contribution and obtain a contingent judgment . . . even though the liability of the person against whom contribution is sought has not yet been extinguished." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 23 cmt. b.

Thus, Bartlette may assert a claim for indemnity or contribution prior to discharging his alleged liability to Kerr. Indeed, a person seeking indemnity or contribution is free to bring such claims, and even obtain a judgment, prior to the underlying liability being discharged.

Accordingly, for the foregoing reasons, Kerr's motion will be denied.

An appropriate order follows.

                                                   S\_____
                                                        **Curtis V. Gómez**
                                                          **Chief Judge**